## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | CASE NO. 24-11158 |
| MIRACLE RESTAURANT GROUP, LLC | CHAPTER 11<br>SUBCHAPTER V |
| Debtor. | |

### UNITED STATES TRUSTEE'S OMNIBUS OBJECTION TO CERTAIN "FIRST DAY" MOTIONS FILED BY THE DEBTOR

**NOW INTO COURT** comes David W. Asbach, Acting United States Trustee for Region 5, by and through undersigned counsel, and respectfully submits this omnibus objection certain motions filed by Miracle Restaurant Group, LLC (the "Debtor"). In support hereof, the U.S. Trustee respectfully states, as follows:

### Jurisdiction

1.      The Court has jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. § 1408.

2.      By virtue of the Chapter 11 filing, this case is subject to the supervision and administration of the U.S. Trustee pursuant to 28 U.S.C. § 586. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3rd Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *In re Wilson*, 413 B.R. 330, 335 (Bankr. E.D. La. 2009) (finding that "the provisions of § 586(a) are intended to compliment the broader grant of power provided by § 307.").

**Factual Background**

3.       On June 20, 2024 (the "Petition Date"), the above captioned Debtor filed a voluntary Chapter 11 petition for relief. [Doc. 1]. On the petition, the Debtor elected to proceed under Subchapter V of Chapter 11. *Id.*

4.       Dwayne M. Murray is the appointed Subchapter V trustee. [Doc. 16].

5.       The Debtor remains in possession and control of its property as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6.       On the Petition Date, the Debtor filed six motions for the Court's consideration on an expedited basis (collectively, the "First Day Motions"). The matters are set to be heard on June 21, 2024 at 3:00 p.m., and the deadline to file written oppositions is June 21, 2024 at 12:00 p.m. [Doc. 11]. Therefore, the U.S. Trustee timely files this objection to certain First Day Motions.

**Argument**

**I. Cash Collateral Motion**

7.       The Debtor filed an *Emergency Motion for the Entry of Order pursuant to Sections 361, 363 and 364 of the Bankruptcy Code and Bankruptcy Rule 4001 for Interim and Final Orders: (1) Authorizing Use of Cash Collateral and Granting 364 Protections to the Creditors Who Assert a security Interest in the Debtor's Cash Collateral; (2) Granting Adequate Protection; (3) Scheduling and Approving the Form and Method of Notice for a Final Order; and (4) for Related Relief* (the "Cash Collateral Motion"). [Doc. 2]. The U.S. Trustee submits the following objections to the Cash Collateral Motion:

- Paragraph 15 refers to a 15% budget variance, while the Donald Moore Declaration [Doc. 9] refers to a 20% variance. The Debtor should clarify which is correct.

- In Paragraph 17, Debtor proposes to grant the secured creditors, as adequate protection, both replacement liens and new liens on its assets. New liens are to be granted on both the Debtor's leasehold interests and its Earned Income Tax Credit. The Earned Income Tax Credit is estimated to be over $3 million. The appropriateness of this new security should be examined, particularly given that the McLane Food Service, Inc. pre-petition debt will be paid through the Critical Vendor Motion [Doc. 3].

- Regarding the attached Cash Collateral Budget:

    i.   What is the "Closed Store Impacts" line item?

    ii.  Where are the regular trade expenses and cost of goods sold expenses?

    iii. Does the Payroll line item include the amounts sought in the pre-petition wage amounts?

    iv.  Are the various benefit programs included in the Payroll line item?

    v.   Why is the payroll tax line item is blank?

    vi.  Where is the cost for Netchex on the Budget?

    vii. Do the McClane and Sygma line items include the critical vendor payments?

    viii. Where is Perfection Bakery in the Budget?

    ix.  What is the "Administrative Payroll" line item? Is this the insider payments?

    x.   The UST fee line item should be replaced with the Sub V Trustee line item.

## II. Critical Vendors Motion

8.      The Debtor filed a *Motion for an Order Authorizing Miracle Restaurant Group to Pay Claims of Critical Vendors in the Ordinary Courts of Business* (the "Critical Vendors Motion"). [Doc. 3]. The U.S. Trustee submits the following objections to the Critical Vendor Motion, specifically pertaining to Sygma, McLane Food Service, and Perfection Bakery:

- The Debtor should clarify whether the amounts listed on <u>Exhibit A</u> for the three creditors are included in the Cash Collateral Budget, particularly the amount for

Perfection Bakery.

- Exhibit A does not designate which of the four affiliated Debtors is obligated on the claims.

### III. Motion to Pay Insiders

9.     The Debtor filed a *Motion for Authority to Approve Certain Payments for the Compensation and Payments to Insiders* (the "Motion to Pay Insiders"). [Doc. 4].  The U.S. Trustee submits the following objections to the Motion to Pay Insiders:

- Debtor should disclose if there are employment contracts for all of the insiders, besides Donald More.  If so, the contracts should be provided.
- Debtor should designate where the insider payments (wages, benefits, etc.) are listed on the Cash Collateral Budget.
- Are all of the insiders on the BCBS health plan?
- Regarding insider Jeremy Moore:
  a.  What health, welfare, and benefit programs does he participate in?
  b.  Is the gas reimbursement in addition to the $800 car allowance?
  c.  Is the gas allowance for work-related gas expenses only?  Does he submit receipts, is it on a gas card, or something else?
  d.  Where is the car allowance, gas reimbursement, and cell expense on the Budget?
  e.  What types of out-of-pocket expenses is Jeremy paying for the Debtor?  He is spending over $3,200 per month this year, according to the Motion to Pay Insiders.  This expense reimbursement process should be capped or cease, going forward.
  f.  For out of pocket expenses, are receipts provided?
  g.  Debtor should provide the backup for the $19,482.83 paid so far this year.
- Regarding insider Megan Moore:
  a.  Is she receiving any benefits, car allowances, cell phone, gas, expense reimbursements, etc., or only the hourly salary?
- Regarding insider Melissa Moore:

a. Is she receiving any benefits, car allowances, cell phone, gas, expense reimbursements, etc., or only the hourly salary?

- Regarding insider <u>Elizabeth Moore</u>:

a. Is she receiving any benefits, car allowances, cell phone, gas, expense reimbursements, etc., or only the salary?

b. Generally, the Wage Motion [Doc. 7] says that payroll is on a biweekly basis; however, the Motion to Pay Insiders discloses weekly base salary for Elizabeth Moore. Is she paid weekly or biweekly?

- Regarding insider <u>Donald Moore</u>:

a. The Motion to Pay Insider fails to disclose what Donald Moore's job duties are on a day-to-day basis.

b. Is the gas reimbursement in addition to the $1,000 car allowance?

c. Is the gas allowance for work-related gas expenses only? Does he submit receipts, is it on a gas card, or something else?

d. Where is the car allowance and gas reimbursement on the Budget?

e. What types of out-of-pocket expenses is Donald paying for the Debtor? He is spending nearly $10,000 per month this year, according to the Motion to Pay Insiders. This expense reimbursement process should be capped or cease, going forward.

f. For out of pocket expenses, are receipts provided?

g. Debtor should provide the backup for the $58,310.83 paid so far this year.

h. Generally, the Wage Motion [Doc. 7] says that payroll is on a biweekly basis; however, the Motion to Pay Insiders discloses weekly base salary for Donald Moore. Is he paid weekly or biweekly?

i. Any bonus programs, including the $100,000 bonus program, should cease post-petition unless the Court so orders otherwise.

- Regarding insider <u>Honors Real Estate, LLC</u>:

a. Debtor should disclose whether it is current with the lease payments.

b. Debtor should provide a copy of the lease.

c. Is this rent commensurate with commercial property that size? It comes to approximately $22.00/sq foot.

**IV.  Customer Program Motion – No Objection.  [Doc. 6].**

**V.  Pre-Petition Wage Motion**

13.  The Debtor filed an *Expedited Motion for Entry of an Order (I) Authorizing the Debtor to (A) Pay Employees' Pre-Petition Wages, Salaries, Other Compensation, and Reimbursable Expenses, and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* (the "Wage Motion").  [Doc. 7].  The U.S. Trustee submits the following objections to the Wage Motion:

- Debtor should confirm there are no insiders included in the wages/benefits/etc. listed in this Wage Motion.
- Where are the payroll tax withholdings on the Cash Collateral Budget?
- Where is Netchex on the Cash Collateral Budget?
- Where are the health insurance/life insurance/other benefits on the Cash Collateral Budget?

**VI.  Cash Management Motion**

12.  The Debtor filed an *Expedited Motion for Entry of a Final Order (I) Authorizing the Debtor to (A) Continue to Operate Its Cash Management System and (B) Honor Certain Prepetition Obligations Related Thereto, and (II) Granting Related Relief* (the "Cash Management Motion").  [Doc. No. 8].  The U.S. Trustee submits the following objections to the Cash Management Motion:

- Currently, how often are the Local Accounts swept into the Operating Account?
- What is the average/typical balance in each Local Account when swept?
- The JP Morgan Chase and First Financial Accounts must be recharacterized and designated as collateralized accounts.
- Of the three Local Accounts, two are at financial institutions included on the U.S. Trustee's authorized depository list.  Debtor should explain why can they cannot also be recharacterized as collateralized accounts.

- As for the third Local Account (Magnolia State Bank), Debtor should open a new account at an authorized depository near Bay Springs, MS. As this is a cash deposit only account, it shouldn't disrupt operations to open a new collateralized debtor-in-possession account.

WHEREFORE, the above premises considered, the United States Trustee requests that this Honorable Court consider this omnibus objection, and grant all relief justly entitled in the premises.

Dated: June 20, 2024                    Respectfully submitted,

DAVID W. ASBACH
Acting United States Trustee, Region 5

By: */s/ Amanda B. George*
AMANDA B. GEORGE (31642)
Trial Attorney
400 Poydras Street, Suite 2110
New Orleans, LA 70130
Telephone: (504) 589-4018
Direct: (504) 589-4092
Facsimile: (504) 589-4096
Amanda.B.George@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that copies of the foregoing Omnibus Objection were served on June 20, 2024 through the Court's electronic notification system upon:

Greta M. Brouphy on behalf of Debtor Miracle Restaurant Group LLC
gbrouphy@hellerdraper.com, vgamble@hellerdraper.com

Douglas S. Draper on behalf of Debtor Miracle Restaurant Group LLC
ddraper@hellerdraper.com, vgamble@hellerdraper.com

Amanda Burnette George on behalf of U.S. Trustee Office of the U.S. Trustee
Amanda.B.George@usdoj.gov

Michael E. Landis on behalf of Debtor Miracle Restaurant Group LLC
mlandis@hellerdraper.com, Vgamble@hellerdraper.com

by: *s/Amanda Burnette George*
AMANDA BURNETTE GEORGE (31642)
Trial Attorney, Office of the U.S. Trustee
400 Poydras Street, Suite 2110
New Orleans, LA 70130
Telephone no. (504) 589-4018
Facsimile no. (504) 589-4096