UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Miracle Restaurant Group, Inc. | : | Case No. 24-11158 |
| Debtors | : | Subchapter V |

## MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a) AND FED. R. BANKR. P. 3002 AND 6006 AUTHORIZING THE REJECTION OF EXECUTORY CONTRACTS OF THE DEBTOR

**NOW INTO COURT**, through undersigned counsel, comes Miracle Restaurant Group, Inc. as debtor and debtor-in-possession (the "Debtor"), who respectfully files this *Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a) and Fed. R. Bankr. P. 3002 and 6006 Authorizing Rejection of Executory Contracts of the Debtor* ("Motion") in order to reject certain franchise agreements associated with certain restaurants that the Debtor has determined in its business judgment to close.

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Motion concerns the administration of the Debtor's estate; and therefore, it is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are 11 U.S.C. § 105(a) and 365, and Rules 3002 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Rule(s)").

## PROCEDURAL HISTORY AND BACKGROUND

4.      On June 20th ,2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

{00382253-2}                                    1

5.     The Debtor is a party to certain license agreements with Arby's Franchisor, LLC ("Arby's") allowing the Debtor to operate certain Arby's Franchise Restaurants.

6.     The Debtor seeks authority to reject the license associated with the following stores:

| Store Address | Store/Franchise Number |
|---|---|
| 2301 Manhattan Blvd, Harvey, LA 70058 | 8735 |
| 1331 Golf Road Rolling Meadows, IL | 1423 |
| 5204 Slide Road Lubbock, TX 79414 | 8890 |
| 1000 West Esplanade Ave., Kenner, LA 70065 | 8777 |
| 5802 S. Coulter Amarillo, TX 79119 | 8834 |
| 28910 Walker Road South Walker, LA 70785 | 8874 |

The above listed leases shall be referred to herein, collectively, as the "Franchise Agreements."

7.     The Debtor and its financial advisor have determined that the operation of Arby's stores at the locations listed above is not in the best interests of the Debtor, rendering the Franchise Agreements unnecessary.

8.     The Debtor is also filing a contemporaneous motion to reject the leases for the stores listed at the locations above. As such, the Debtor no longer has any need for the Franchise Agreements and desires to reject them pursuant to 11 U.S.C. § 365.

## RELIEF REQUESTED

9.      The Debtor is seeking the authority to reject the Franchise Agreements as the stores being operated pursuant to those agreements are no longer beneficial to the Debtor and represent a liability in that the stores are not cash flow positive and decrease the value of the Debtor's assets.

10.     Section 365(a) of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*) authorizes a debtor to reject its executory contracts and unexpired leases subject to the approval of the bankruptcy court:

> (a) Except as provided in . . . subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a).

11.     Courts evaluate a decision to reject an executory contract or unexpired lease under the "business judgment" standard. *In re J. C. Penney Direct Mktg. Servs., L.L.C.*, 50 F.4th 532, 534 (5th Cir. 2022); *Lifemark Hospitals, Inc. v. Liljeberg Enters., Inc. (In re Liljeberg Enters., Inc.)*, 304 F.3d 410, 438 (5th Cir. 2002); *NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *In re Flambeaux Gas & Elec. Lights L.L.C.*, No. 18-11979, 2019 Bankr. LEXIS 504, at *10 (Bankr. E.D. La. Feb. 20, 2019).

12.     The standard is satisfied if the debtor determines in its business judgment that the rejection of the contract or lease would benefit the estate. "[A]s long as assumption of a lease appears to enhance a debtor's estate, a bankruptcy court should only withhold approval when the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code." *J.C. Penney Direct*, 50 F.4th at 534 (internal quotes omitted)). *See also In re*

*Pisces Energy, LLC*, No. 0936591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) (citing *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1046–47 (4th Cir.1985)); *In re MPF Holding U.S. LLS*, No. 08-36084, 2013 WL 3197658, at *9 (Bankr. S.D. Tex. June 21, 2013); *Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989). "A court should defer to a debtor's decision that rejection of a contract would be advantageous unless the decision is so unreasonable that it could not be based on sound business judgment, but only on bad faith or whim." *Balco Equities*, 323 B.R. at 98; *In re Pisces Energy*, 2009 WL 7227880, at *6; *In re G SURVIVOR CORP.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994); *In re Pilgrim's Pride Corp.*, 403 B.R. 413, 422 (Bankr. N.D. Tex. 2009); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). If the trustee's or debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g.*, *Richmond Leasing*, 762 F.2d at 1309; *In re Idearc Inc.*, 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009), *aff'd*, 662 F.3d 315 (5th Cir. 2011) ("In the absence of a showing of bad faith or an abuse of business discretion, the debtor's business judgment will not be altered").

13.    Rejection under Section 365 of the Bankruptcy Code is intended to enable the debtor to relieve its estate from burdensome and unprofitable contracts. *Stewart Title Guar. Co. v. Old Republic Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) ("[Section 365] allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed") (quoting *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

"Furthermore, it is the debtor who decides whether to maintain the contract, rather than any third party." *J. C. Penney Direct*, 50 F.4th at 534.

14.     It is within the Debtors' sound business judgement to reject the Franchise Agreements. The Debtor has performed its due diligence and has determined that the Franchise Agreements set forth above should be rejected, as they provide no benefit to the estate.

15.     To address the issue of any rejection damage claims for feasibility, the Debtor proposes a proof of claim deadline of 30 days after the entry of any order approving this Motion to assert a claim for rejection damages, with the Debtor reserving all rights to object or otherwise respond to any such filed claims.

**WHEREFORE**, the Debtor, respectfully requests that this Court enter an Order granting the Debtor the authority to reject the Franchise Agreements identified above, setting a proof of claim deadline of 30 days after the entry of any order approving this Motion, and for all other relief that is just and equitable.

*/s/Michael E. Landis*
**HELLER, DRAPER & HORN, LLC**
Douglas S. Draper, La. Bar No. 5073
Leslie A. Collins, La. Bar No. 14891
Greta M. Brouphy, La. Bar No. 26216
Michael E. Landis, La. Bar No. 36542
650 Poydras Street, Suite 2500
New Orleans, LA  70130-6103
Tel: (504) 299-3300
Fax: (504) 299-3399
Email: ddraper@hellerdraper.com
         lcollins@hellerdraper.com
         gbrouphy@hellerdraper.com
         mlandis@hellerdraper.com

*Proposed Counsel for the Debtor*

<u>**CERTIFICTE OF SERVICE**</u>

I, Michael E. Landis, do hereby certify that I caused the above and foregoing to be served on July 15, 2024, to all parties entitled to service via the Court's CM/ECF Electronic Notification System as follows:

- H. Kent Aguillard    kent@aguillardlaw.com, gina@aguillardlaw.com
- Joseph Patrick Briggett    jbriggett@bakerdonelson.com
- Greta M. Brouphy    gbrouphy@hellerdraper.com, vgamble@hellerdraper.com
- Jeffrey M. Burmaster    jburmaster@kingkrebs.com
- William G. Cherbonnier    wgc@billcherbonnier.com, caludagroupllc@jubileebk.net
- Richard Crohan    blake.crohan@alston.com
- Douglas S. Draper    ddraper@hellerdraper.com, vgamble@hellerdraper.com
- William T. Finn    finn@carverdarden.com
- Patrick S. Garrity    pgarrity@derbeslaw.com, 23689@notices.nextchapterbk.com
- Amanda Burnette George    Amanda.B.George@usdoj.gov
- Jeffrey M Hendricks    jhendricks@brickergraydon.com
- Evan Park Howell    ehowell@ephlaw.com
- Michael E. Landis    mlandis@hellerdraper.com, Vgamble@hellerdraper.com
- Laura J Monroe    lmbkr@pbfcm.com
- Dwayne M. Murray    dmm@murraylaw.net, la18@ecfcbis.com;trustee3@murraylaw.net
- Glenn K. Schreiber    glenn.schreiber@usdoj.gov, bonnie.bodenheimer@usdoj.gov;caseview.ecf@usdoj.gov;Vanessa.brown@usdoj.gov
- Office of the U.S. Trustee    USTPRegion05.NR.ECF@usdoj.gov
- David F. Waguespack    waguespack@carverdarden.com, docket@carverdarden.com;plaisance@carverdarden.com

*/s/Michael E. Landis*
Michael E. Landis