**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | CASE NO. 24-11158 |
| MIRACLE RESTAURANT GROUP LLC | CHAPTER 11 |
| Debtor. | |

**OBJECTION OF DAVID ANSON AND RENAE LEE JACOBS
TO CONFIRMATION OF AMENDED SUB-CHAPTER V PLAN
OF REORGANIZATION AND RESPONSE TO CRAMDOWN MOTION
FILED BY THE DEBTOR**

**NOW INTO COURT**, through undersigned counsel, come David Anson and Renae Lee Jacobs ("**Lessors**"), and object to confirmation of the Debtor's Third Plan of Reorganization Under Subchapter V Dated March 18, 2025 [Doc. No. 275] (the "**Amended Plan**") filed by the debtor, Miracle Restaurant Group, LLC (the "**Debtor**").

**PARTIES**

1. The Debtor is a debtor and debtor-in-possession in this case after filing a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code on June 20, 2024 [Doc. No. 1]. Lessors are lessors to the Debtor of real property commonly known as 1401 Lee Street, Des Plaines, Illinois 90042 (the "**Premises**"), and are the holders of an allowed administrative expense claim in the amount of $50,599.74 (the "**Administrative Claim**") pursuant to that certain Order, dated March 20, 2025 [Doc. No. 282] (the "**Order**"), on the docket of the above-referenced bankruptcy case.

2. The Order directed the Debtor "to pay the [Administrative] Claim immediately, subject to reimbursement by the Movants [Lessors] to the Debtor if the Post-petition Real Estate Taxes are less than the amount currently expected based upon the 2023 Property Tax Bill." The

Debtor has not complied with the terms of the Order, and the Administrative Claim remains unpaid.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## CORE PROCEEDING

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) and involves substantive rights and remedies under Bankruptcy Code § 1191.

## PROCEDURE

6. Procedurally, this matter is governed by Rules 3020 and 9014 of the Bankruptcy Rules.

## FACTS

7. The Amended Plan proposes to close the store located in the Premises and to pay only $16,152.68 of the $50,599.74 Administrative Claim ordered to be paid in the Order.[1]

8. The Court has not issued an order reducing the Post-Petition Real Estate Taxes to an amount less than that based upon the 2023 Property Tax Bill.

## ARGUMENT

9. **The Amended Plan Violates § 1129(a)(3):** The Amended Plan violates Bankruptcy Code § 1129(a)(3), applicable herein through § 1191(a), because it has not been proposed in good faith by the Debtor.

10. The Order directed the Debtor to pay the full amount of the Administrative Claim ($50,599.74) to the Lessors "immediately." Debtor has violated and seeks to violate that Order

---

[1] Amended Plan at pp. 5, 6 and 10.

in two respects. First, it has failed and refused to pay the $50,599.74 to the Lessors immediately (much less, as of the effective date of the Amended Plan (the **"Effective Date"**). Second, it now seeks in the Amended Plan to violate the Order further by unilaterally reducing the amount to be paid to Lessors to $16,152.68. Debtor is not in good faith because it has proposed the Amended Plan while in current and proposed further violation of the Order.

11. Accordingly, the Lessors object to confirmation of the Amended Plan because it was not proposed in good faith by the Debtor.

12. **The Amended Plan Violates §§ 1129(a)(9) and 1191(e):** The Amended Plan violates Bankruptcy Code § 1129(a)(9), applicable herein through § 1191(a), and Bankruptcy Code § 1191(e) because it does not propose to pay the Administrative Claim, in full, on the Effective Date or over time.

13. Section 1129(a)(9)(A) requires that holders of administrative claims be paid "cash equal to the allowed amount of such claim" on the "effective date of the plan," unless the holder of a particular claim agrees to different treatment. Section 1191(e) permits a Subchapter V debtor to pay administrative claims such as Lessors' to be paid over the life of the plan. The allowed amount of the Administrative Claim is $50,599.74. Lessors have not agreed to be paid the lesser amount of $16,152.68 as proposed in the Amended Plan.

14. Accordingly, the Lessors object to confirmation of the Amended Plan because it does not propose to pay the Administrative Claim, in full.

## CONCLUSION

15. For all of the foregoing reasons, Lessors respectfully request that the Court deny confirmation of the Debtor's Amended Plan and grant to Lessors such other and further relief as is necessary or appropriate.

Respectfully submitted this 3rd day of April, 2025.

    */s/ Rudy J. Cerone*
Rudy J. Cerone (La. Bar No. 14137)
Timothy G. Byrd, Jr. (La. Bar No. 35691)
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 596-2786
Facsimile: (504) 910-9362
rcerone@mcglinchey.com
tbyrd@mcglinchey.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing pleading has been served on counsel for the Debtor and the Sub-Chapter V Trustee, by placing a copy of same in the United States mail, postage prepaid and properly addressed, this 3rd day of April, 2025.

    */s/Rudy J. Cerone*
Rudy J. Cerone

26231326.1

4