UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-11158-A |
| MIRACLE RESTAURANT GROUP LLC | § | CHAPTER 11 – SUB V |
| Debtor. | § | HRG 04/23/2025; RES. 04/16/2025 |

LOUISIANA DEPARTMENT OF REVENUE'S
OBJECTION TO DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION
UNDER SUBCHAPTER V DATED MARCH 18, 2025

The Secretary of the Louisiana Department of Revenue ("LDR"), by and through undersigned counsel, appears herein to OBJECT to the Third Amended Plan of Reorganization Under Subchapter V Dated March 18, 2025 ("Plan")[Doc. No. 275] filed by Miracle Restaurant Group, LLC, based on the following representations and for the following reasons:

BACKGROUND

1.

On July 08, 2024, the LDR timely filed a pre-petition tax claim, Claim No. 9-1, in the *partially*[1] estimated amount of $34,675.68 for numerous withholding and sales tax periods. Claim 9-1 was bifurcated with $25,381.95 reflected as unsecured priority (inclusive of *pre-petition* tax and statutory interest) and $9,293.73 reflected as unsecured general (inclusive of pre-petition

---

[1] The unfiled tax returns on this claim included the returns for the Withholding Tax Periods 03/31/2023 through and including 3/31/2024 (LDR Account No. xxx5326-002) and Sales Tax Periods 04/30/2024 and 05/31/2024 (LDR Account No. xxx5326-004). The returns for the other thirty-two tax periods on Claim 9-1 have been filed. The Debtor operated multiple locations of the restaurant and the pre-petition returns for location denoted as 001, 003, 006, 007, 008, and 009 were filed but the tax due was not paid. See attachment to Claim 9-1 for further breakdowns.

penalties that had accrued on tax periods). Each of these tax periods are entitled to unsecured priority treatment pursuant to 11 U.S.C. 507(a)(8)(C).

2.

On March 17, 2025, LDR amended Claim No. 9-1, now Claim 9-2, to update/correct the *pre-petition* account balance to $29,938.64 and the bifurcation of the claim. Claim No. 9-2 reflects an unsecured priority claim of $22,561.59 and an unsecured general claim of $7,377.05.

3.

On March 17, 2025, LDR filed an Administrative Tax Expense Claim, Claim No. 86-1, in the *partially* estimated amount of $114,831.99. Several returns have come in since this claim, and it is under review for amendment. An updated claim will be filed prior to the hearing on confirmation.[2] However, nothing herein is intended to amend Claim 86-1 until the account is fully reviewed by the Collection Division, Bankruptcy Section, and the amended claim is filed with the Court. Despite the adjustments that are necessary, it does appear that some returns for open accounts remain unfiled for certain other locations. Those periods will be set forth in an amending claim before the confirmation hearing.

---

[2] Additionally, it appears the Debtor has not taken any steps to close accounts with the LDR for the store closings indicated on page 2-3 of the Plan which may also have caused some confusion with the Administrative Expense Claim with respect to certain locations; namely for (1) 2301 Manhattan Blvd., Harvey, LA 70058 (Store No. 8735); (2) 1000 West Esplanade Avenue, Kenner, LA 70065 (Store No. 8834); and (3) 28910 Walker South Road, Walker, LA 70785 (Store No. 8874). Debtors need to file a LDR Form R-3406 in order to cease the return requirement and cease billing for unfiled returns. The Collection Division cannot read every page of every plan to determine this information timely. Accounting Professionals hired in this case should know when these documents are necessary and file them with taxing authorities in a timely manner.

OBJECTIONS

4.

LDR does not agree to any less favorable treatment under the Debtor's Subchapter V Plan than what is required by the Bankruptcy Code. LDR's interests are impaired first and foremost by the failure of the plan to specifically or generally include the LDR in proposed distributions under the Plan either for Administrative Expenses or Pre-Petition Claims. LDR's pre-petition claim has been on file since July 2024, and the Debtor should know the balance due on the administrative claims for which returns have been filed but not paid to date. The Plan is not confirmable as proposed.

5.

LDR objects to the Plan because the Debtor in Possession (DIP) has not filed all required post-petition tax returns or paid them as they have come due in the ordinary course of business, thereby incurring additional liabilities as required by 28 U.S.C. 959. Additionally, the LDR objects to the plan as it is impossible for it to liquidate its claim and file an accurate proof of claim to allow the Court or any other creditor to determine whether the Plan is feasible as proposed or if the Debtor's liquidation analysis is correct.

6.

LDR objects to the provisions of the Plan with respect to Administrative Tax Expenses because the provision is not in compliance with 11 U.S.C. 503(b)(1)(D), which exempts governmental units, such as the LDR, from the requirements of making a request for payment in order to have an allowable Administrative Tax Expense Claim allowed under 11 U.S.C. 503(b)(1)(B) – (C). Accordingly, the plan is not in compliance with applicable provisions of the title and the confirmation requirement of 11 U.S.C. 1129(a)(1) is not met.

7.

Additionally, the Administrative Expense section of the Plan does not mention the outstanding Administrative Expenses owed to the LDR. Taxes liabilities (including tax, interest and penalty) are allowable Administrative Expenses pursuant to 11 U.S.C. 503(b)(1)(B)-(C). The plan should include all categories of Administrative Expenses in this section.

8.

LDR also objects to the Priority Tax Claims section of the Plan because it fails to include LDR's Claim No. 9 (neither version 9-1 which was on file since July of 2024, or as currently amended, while it seems to list out all other tax claimants with individual tax provisions). All priority tax clams are required to be paid in a manner that demonstrates it is in compliance with the provisions of 11 U.S.C. 1129(a)(9)(C), including the payment of post-effective date interest (or present value) at the rate required by 11 U.S.C. 511.[3] Accordingly, the plan confirmation requirements of 11 U.S.C. 1129(a)(1) and 11 U.S.C. 1129(a)(9)(C) are not met.

9.

LDR objects to Article XI (Default). Default provisions are also required by 11 U.S.C. 1123(a)(5)(G). Although Section 1191(c)(3) is part of a different confirmation requirement as for a non-consensual plan. Section 11 U.S.C. 1191(a) does not exclude this provision from applicability to Subchapter V cases. Accordingly, the plan requirements of 11 U.S.C. 1129(a)(1) are not met.

10.

---

[3] The current rate of interest for delinquent taxes owed to the LDR is 11.25% and this rate will remain in effect through 12/31/2025. See Revenue Information Bulletin 25-001 on the LDR's website.

Additionally, the Debtor has provided specific default provisions for at least one taxing authority, and LDR objects that the Plan does not contain a default provision for LDR, or alternatively, for all taxing authorities. The LDR objects to the omission of a provisions in case of default on Debtor's tax obligations both under the Plan and Title 47 of the Louisiana Revised Statutes. The LDR suggests that the Plan be amended to provide that upon a default the administrative collection powers and the rights of the LDR will be reinstated as they existed prior to the bankruptcy, including, but not limited to, the assessment of taxes, the filing of a Notice of State Tax Liens and the powers of levy, seizure, and sale under the Title 47 of the Louisiana Revised Statutes.

11.

The requirements for a consensual plan pursuant to 11 U.S.C. 1191(a) require compliance with all sections of 11 U.S.C. 1129(a) except for (a)(15). Similarly, a non-consensual plan pursuant to 11U.S.C. 1191(b) requires compliance with all sections of 11 U.S.C. 1129(a) except (8), (10) and (15); therefore, 1129(a)(1) and (a)(9) are applicable to consensual and non-consensual plans under subchapter V of chapter 11 of title 11. Because the plan fails to comply with an applicable sections of the Bankruptcy Code, the requirements for non-consensual confirmation under (compliance with 11 U.S.C. 1129(a)) pursuant to 11 U.S.C. 1191(b) are not met.

12.

LDR Objects to Article 9.13 (Distributions) because it violates 11 U.S.C. 347(a) which provides in relevant part:

> (a) Ninety days after the final distribution under section 726, 1194, 1226, or 1326 of this title in a case under … subchapter V of chapter 11…, the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28.

13.

Therefore, the requirements of 11 U.S.C. 1129(a)(1) are not met because the Plan does not comply with applicable Bankruptcy Code provisions, specifically 11 U.S.C. 347(a).

GENERAL RESERVATION OF RIGHTS AND OBJECTIONS

14.

LDR specifically reserves all setoff rights[4] the LDR may have, if any. Confirmation of a plan does not extinguish setoff and recoupment claims when they are timely asserted. Under section 553 of the Bankruptcy Code, setoff rights survive bankruptcy and are not affected by other sections of the Bankruptcy Code, including section 1141.[5] LDR asserts and preserves all setoff and recoupment rights on its attachment to claims at the top of the page below the caption to the extent they are not yet known, and on page 2 of the Official Claim Form where such setoff rights are known at the time the claim is filed.[6] Like other creditors, "[t]he government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him."[7] Governmental units also generally also

---

[4] The Bankruptcy Code codifies and governs setoff but is silent as to recoupment. *See In re B&L Oil*, 782 F.2d 155 (10th Cir. 1986); 11 U.S.C. § 553. Most significantly, setoff is available in bankruptcy only when both the opposing claims arise on the same side of the time line described by the petition's filing; i.e., both must be prepetition claims or both must be post-petition claims. Recoupment is not so limited. *See generally Lee v. Schweiker*, 739 F.2d 870 (3d Cir. 1984).

[5] IRS v. Luongo (In re Luongo), 259 F.3d 323 (5th Cir. 2001); United States on Behalf of IRS v. Norton, 717 F.2d 767772 (3rd Cir. 1983); In re Garden Ridge Corp., 338 B.R. 627, 632 (Bankr. D. Del. 2006); Carolco Television, Inc. v. National Broadcasting Co. (In re De Laurentis Entertainment Group, Inc.), 963 F.2d 1269, 1276-78 (9th Cir. 1992), *cert. denied*, 506 U.S. 918, 113 S. Ct. 330, 121 L.Ed.2d 249 (1992); Davidovich v. Welton (In re Davidovich), 901 F.2d 1533, 1537 (10th Cir. 1990); Pettibone Corp. V. United States (In re Pettibone Corp.), 161 B.R. 960, 964 (N.D. Ill. 1993); Womack v. United States (In re Womack), 188 B.R. 259 (Bankr. E.D. Ark. 1995); In re Whitaker, 173 B.R. 359 (Bankr. S.D. Ohio 1994).

[6] At the present time it is not known whether the LDR has any right of setoff or recoupment against the Debtor, and is included in the objection out of an abundance of caution.

[7] See *United States v. Munsey Trust Co. of Washington, D.C.*, 332 U.S. 234, 239 (1947).

have the right to setoff mutual post-petition debts and claims. Section 553 "preserves for the creditor's benefit any setoff right that it may have under applicable nonbankruptcy law."[8] "[T]here is no basis in the Code to eliminate [a creditor's] setoff rights" *asserted prior to confirmation.*[9] The LDR has statutory setoff rights and recoupment rights, including but not limited to those under La. Rev. Stat. Ann. § 47:1622, *et seq.*

15.

Strictly out of an abundance of caution, the LDR objects to the Plan to the extent it imposes Third Party Releases and injunctions against collection from responsible officers subject to personal liability under LA. Rev. Stat. Ann. 45:1561.1 *for outstanding trust taxes owed* to the LDR, specifically for withholding and sales taxes, to the extent same are not paid through Plan distributions or scheduled by the plan to be paid in full.

16.

LDR reserves the right to amend and supplement this objection as circumstances or information may require and to support at hearing on confirmation any other objection to confirmation raised by any other party in interest.

CONCLUSION

17.

The Debtor's Third Amended Plan of Reorganization Under Subchapter V Dated March 18, 2025 does not meet the requirements for confirmation pursuant for the reasons set forth hereinabove, specifically the requirements for a consensual confirmation under 11 U.S.C. 1191(a)

---

[8] In re Semcrude, L.P., 399 B.R. 388 (Bankr. D. Del. 2009)(quoting Packaging Indus. Group, Inc. v. Dennison Mfg. Co., Inc. (In re Sentinel Prod. Corp., Inc.), 192 B.R. 41, 45 (N.D. N.Y. 1996)).
[9] In re ALTA+CAST, LLC, 2004 WL 484881 (Bankr. D. Del. 2004) (creditor was entitled to preserve its setoff rights under § 553 where those rights were asserted prior to confirmation).

or (b) with respect to those requiring compliance with 11 U.S.C. 1129(a)(1) and (9) (by virtue of non-exclusion from applicability).

WHEREFORE, after all due delays and legal proceedings are had, the LDR prays that this Honorable Court will deny confirmation of the Plan unless or until the objections of the LDR are cured by amendment of the Plan or within the proposed confirmation order.

Dated: April 16, 2025        Respectfully submitted,

                                         LOUISIANA DEPARTMENT OF REVENUE

                                         By: /s/ Florence Bonaccorso-Saenz
                                         FLORENCE BONACCORSO-SAENZ
                                         Senior Bankruptcy Counsel, Litigation Division
                                         Division 617 N. Third Street, 7th Floor
                                         Post Office Box 4064 (ZIP 708214064)
                                         Baton Rouge, Louisiana 70802
                                         Email: Florence.Saenz@la.gov
                                         Tel. 225-219-2083

**CERTIFICATE OF SERVICE**

I, Florence Bonaccorso-Saenz, hereby certify that on April 25, 2025, I caused a true and correct copy of the Louisiana Department of Revenue's Objection to Debtor's Third Amended Plan of Reorganization Under Subchapter V Dated March 18, 2025 to be served via the Court's CM-ECF system on all parties having registered for electronic notice in the above entitled and numbered case.

                             /s/ Florence Bonaccorso-Saenz
                               Florence Bonaccorso-Saenz
               Senior Bankruptcy Counsel, Litigation Division
                         Louisiana Department of Revenue