IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MIRACLE RESTAURANT GROUP, LLC, | § | Case No. 24-11158 |
| | § | |
| DEBTOR | § | Subchapter V |

**SUPPLEMENTAL OBJECTION TO CONFIRMATION OF
DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION [D.I. 275]**

NOW INTO COURT, through undersigned counsel, comes Woodvine Partners, LLC ("Woodvine") which files this Supplemental Objection to Miracle Restaurant Group, LLC's ("Debtor") Third Amended Plan of Reorganization (the "Plan") [D.I. 275] and in support thereof represents as follows:

1. On March 18, 2025, the Debtor filed its Third Amended Plan of Reorganization under Subchapter V (the "Plan").

2. On March 18, 2025, Iris Associates L.P. filed an Objection to the Plan [D.I. 276].

3. On April 16, 2025, Woodvine filed its Joinder in Objection to Confirmation of Debtor's Third Amended Plan of Reorganization [D.I. 293] (the "Joinder"), adopting all arguments and conclusions made in the Objection of Iris Associates L.P. Woodvine expressly reserved all of its rights to assert additional objections to the Plan.

4. At the hearing on April 23, 2025 (the "Confirmation Hearing"), counsel for Woodvine and Iris along with the counsel for the Office of the United States Trustee, Amanda George, provided oral argument opposing the language in the Plan that provides for a post-confirmation temporary injunction in favor of three non-debtors, Robert Miller, Patrick Beach and Don Moore (collectively the "Guarantors"). The Guarantors guaranteed the pre-petition

indebtedness due and owing to Woodvine. Ms. George's oral argument was in addition to extensive briefing on this topic [D.I. 294] which Woodvine hereby adopts and joins.

5. While testimony and evidence at the Confirmation Hearing indicated that Don Moore is involved in the Debtor's daily operations, Robert Miller and Patrick Beach are non-operating members who are only equity owners. Robert Miller and Patrick Beach are not involved in the Debtor's daily operations and, according to the testimony, they each have other employment.

6. Furthermore, while the Debtor argued that the post-confirmation injunction is needed so that Miller, Beach and Moore will guaranty the contemplated balloon payment in the future, none of the guarantors has a binding commitment to guaranty that anticipated debt.

7. The debtor in *In re: Couture Hotel Corporation*, 536 B.R. 712 (Bankr. N.D. Texas, Dallas Division 2015) sought a similar "temporary" injunction to benefit its insiders who had guaranteed a debtor owed by Couture Hotel Corporation. In that case, "counsel for the debtor stated, on the record, that Blomfield and Weaver [the insiders] had each agreed not to transfer their personal assets outside the ordinary course of business while the temporary injunction was in place." *Couture*, 536 B.R. 712, 749. One of creditors objected on the basis that plans do not usually enjoin creditors from exercising its rights against non-debtors and the creditor also questioned the Court's authority to enter the third-party injunction under *Stern v. Marshall*, 131 S.Ct. 2594 (2011). *Id.* at 750. The creditor further noted that the guarantors did not prove an "identity of interest with the debtor such that a suit against the guarantors is one against the debtor." *Id.* at 751 citing *In re Seatco, Inc.*, 257 B.R. 469 (Bankr. N.D. Tex. 2001). Despite the representation of Debtor's counsel and other evidence submitted, the *Couture* Court noted that it "disagrees that ownership coupled with a guaranty is sufficient to satisfy the identity of interest" requirement and further held that "this type of overlap between shareholder and guarantors exists in a significant number of

bankruptcy cases involving closely-held corporations. Granting an injunction on those grounds would make third party plan injunctions commonplace, which is clearly the incorrect outcome under Fifth Circuit precedent." *Id.* at 752.

8. In addition to the arguments set forth in the Opposition filed by the Office of the United States Trustee, the Fifth Circuit in *In the Matter of Highland Capital Management, L.P.*, 132 F.4th 353 (March 18, 2025) stated that:

> The Supreme Court and this court have definitively held that bankruptcy courts may not approve a confirmation plan that non-consensually releases non-debtors from liability related to a bankruptcy proceeding. They have also recognized that bankruptcy injunctions, though not in themselves releases, similarly act to shield persons and entities from liability and therefore may not be entered to protect non-debtors not legally entitled to release.

The decision goes on to conclude:

> Thus, a bankruptcy court that approves a non-consensual release and/or injunction protecting non-debtors "exceed[s] its powers under Section 105. In re Zale Corp., 62 F.3d at 761.

9. Accordingly, Woodvine submits that the Third Amended Plan should ***not*** be confirmed with the inclusion of the post-confirmation injunction of non-debtor third parties.

10. WHEREFORE, Woodvine Partners, LLC prays that this Honorable Court enter an order sustaining its objection and denying confirmation of the Plan, or, alternatively, confirming the Plan only upon striking the following language from Article X of the Plan:

> However, absent further Court order upon notice and hearing, the exclusive remedy for payment of any claim or debt addressed in this Plan, so long as the Plan is not in default, shall be the Plan and all parties classified in and under Articles III and IV herein are enjoined from taking any action inconsistent herewith, including, but not limited to, any action to prosecute or collect any debt or claim against any guarantor, insider, officer, director, employee or interest holder; provided however, that all creditors shall retain the right to pursue any third party guarantor for any debts not addressed in this plan and the discharge under 11 U.S.C. 1192 shall not apply to any third party guarantor.

3

Dated: April 28, 2025.

                                        Respectfully submitted,

**CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, L.L.C.**

/s/ William T. Finn
William T. Finn (La. Bar No. 1359)
David F. Waguespack (La. Bar No. 21121)
Leann O. Moses (La. Bar No. 19439)
1100 Poydras Street, Suite 3100
New Orleans, Louisiana 70163
Telephone: (504) 585-3808
Facsimile: (504) 585-3801
Email: finn@carverdarden.com
         waguespack@carverdarden.com
         moses@carverdarden.com

*Counsel for Woodvine Partners, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Supplemental Objection to Confirmation of Debtor's Third Amended Plan of Reorganization* has been duly served upon those parties receiving electronic notification via the Court's CM/ECF System on this 28th day of April, 2025 as follows:

Alberta Adams on behalf of Interested Party The Travelers Indemnity Company
aadams@pdtlegal.com

H. Kent Aguillard on behalf of Creditor Mavro-Windsor AR TX LLC
kent@aguillardlaw.com, germaine@aguillardlaw.com;caleb@aguillardlaw.com

H. Kent Aguillard on behalf of Creditor Miller AR TX Management LLC
kent@aguillardlaw.com, germaine@aguillardlaw.com;caleb@aguillardlaw.com

Kennedy Bodnarek on behalf of Creditor McLane Foodservice, Inc.
kennedy.bodnarek@alston.com

Joseph Patrick Briggett on behalf of Creditor B&B Developers, LLC
jbriggett@bakerdonelson.com, jbowers@bakerdonelson.com

4

Greta M. Brouphy on behalf of Debtor Miracle Restaurant Group LLC
gbrouphy@hellerdraper.com, vgamble@hellerdraper.com

David Browne on behalf of Creditor Iris Associates, LP
dbrowne@brownelaw.com

Christopher T. Caplinger on behalf of Interested Party Robert & Son Inc.
ccaplinger@lawla.com, mlopez@lawla.com

Donald G. Cassels, III on behalf of Creditor Schwegmann Family Trust #2
donald.cassels@wilsonelser.com

Rudy J. Cerone on behalf of Creditor David Anson
rcerone@mcglinchey.com, lgraff@mcglinchey.com

Rudy J. Cerone on behalf of Creditor Renae Jacobs
rcerone@mcglinchey.com, lgraff@mcglinchey.com

Scott R. Cheatham on behalf of Creditor Edna Sue Moody
scott.cheatham@arlaw.com

Scott R. Cheatham on behalf of Creditor Edward Summers
scott.cheatham@arlaw.com

Scott R. Cheatham on behalf of Creditor Ernest Summers, III
scott.cheatham@arlaw.com

Scott R. Cheatham on behalf of Creditor John C. Leigeber
scott.cheatham@arlaw.com

William G. Cherbonnier, Jr. on behalf of Creditor Iris Associates, LP
wgc@billcherbonnier.com, caludagroupllc@jubileebk.net

Cynthia Cimino on behalf of Creditor Iris Associates, LP
cynthiamcimino@gmail.com, ccimino@brownelaw.com

Richard Crohan on behalf of Creditor Arbys Franchisor, LLC
blake.crohan@alston.com

Richard Crohan on behalf of Creditor McLane Foodservice, Inc.
blake.crohan@alston.com

Douglas S. Draper on behalf of Debtor Miracle Restaurant Group LLC
ddraper@hellerdraper.com, vgamble@hellerdraper.com

Patrick S. Garrity on behalf of Creditor 1000 W Esplanade, LLC
pgarrity@derbeslaw.com, 23689@notices.nextchapterbk.com

Patrick S. Garrity on behalf of Creditor 1616 E. Lake Mead, LLC
pgarrity@derbeslaw.com, 23689@notices.nextchapterbk.com

Patrick S. Garrity on behalf of Creditor Kirk Three, LLC
pgarrity@derbeslaw.com, 23689@notices.nextchapterbk.com

Patrick S. Garrity on behalf of Creditor Harvey Les
pgarrity@derbeslaw.com, 23689@notices.nextchapterbk.com

Amanda Burnette George on behalf of U.S. Trustee Office of the U.S. Trustee
Amanda.B.George@usdoj.gov

Douglas J. Harris on behalf of Creditor Arbys Franchisor, LLC
douglas.harris@alston.com

Jeffrey M Hendricks on behalf of Creditor First Franchise Capital Corporation
jhendricks@brickergraydon.com

Evan Park Howell, III on behalf of Creditor Janana, L.L.C.
ehowell@ephlaw.com

Henry A. King on behalf of Creditor First Franchise Capital Corporation
hking@kingjurgens.com

Michael E. Landis on behalf of Debtor Miracle Restaurant Group LLC
mlandis@hellerdraper.com, Vgamble@hellerdraper.com

Leib M Lerner on behalf of Creditor Arbys Franchisor, LLC
leib.lerner@alston.com

J. Eric Lockridge on behalf of Creditor The Deville Group of Companies, as agent for RDZ Family Limited Partnership III and RD Investment Partners I, LP
eric.lockridge@keanmiller.com, stephanie.gray@keanmiller.com, eric-lockridge-9072@ecf.pacerpro.com

Robert L. Marrero on behalf of Creditor Douglas Cook Enterprises, LLC
office@bobmarrero.com, robert@bobmarrero.com, Marrero.RobertR106702@notify.bestcase.com

Laura J Monroe on behalf of Creditor Lubbock Central Appraisal District
lmbkr@pbfcm.com

Dwayne M. Murray
dmm@murraylaw.net, la18@ecfcbis.com;trustee3@murraylaw.net

Richard A Rozanski on behalf of Creditor CLECO Power, LLC
richard@rarlaw.net

Michael D. Rubenstein on behalf of Creditor USRP Funding 2001-A, LP
mdrubenstein@liskow.com, lschnabel@Liskow.com

Glenn K. Schreiber on behalf of Creditor Small Business Administration
glenn.schreiber@usdoj.gov, bonnie.bodenheimer@usdoj.gov, caseview.ecf@usdoj.gov, Vanessa.brown@usdoj.gov

Jessica M. Simon on behalf of Creditor USRP Funding 2001-A, LP
jsimon@hrhlaw.com

Office of the U.S. Trustee
USTPRegion05.NR.ECF@usdoj.gov

David F. Waguespack on behalf of Creditor Woodvine Partners, LLC
waguespack@carverdarden.com, docket@carverdarden.com, plaisance@carverdarden.com

                                /s/ William T. Finn
                                WILLIAM T. FINN

4921-5865-4268, v. 1